UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL L. JARVIS                                                                                          PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:25-CV-269-DPJ-ASH

WARDEN HOGAN OR HOLDEN, et al.                                                                DEFENDANTS

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on pro se Plaintiff Virgil L. Jarvis's Motion to Amend his Complaint [13]. In his Motion [13], Plaintiff seeks (1) to add Mississippi Department of Corrections ("MDOC") as a defendant, and (2) he also seeks a jury trial. Pl.'s Mot. [13] at 1. Having considered this matter, the undersigned grants Plaintiff's request for a jury trial and recommends that Plaintiff's motion to add MDOC as a defendant be denied.[1]

I.      Background

Plaintiff filed this conditions-of-confinement complaint under 42 U.S.C. § 1983.[2] Compl. [1] at 3. He names Warden Hogan or Holder Lee, Stewart, Noah Payton, and Doctor Unknown as defendants. *Id*. at 1–3. Plaintiff is proceeding in forma pauperis, *see* Order [5], and his Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA").

---

[1] Because a motion for a jury trial is a non-dispositive matter, a magistrate judge may properly consider such a motion by order rather than by report and recommendation. *See Simonton v. Hous. Methodist Continuing Care Hosp.*, No. 4:23-CV-02184, 2025 WL 1747023, at *1 n.1 (S.D. Tex. June 9, 2025), *report and recommendation adopted*, No. CV H-23-2184, 2025 WL 1745129 (S.D. Tex. June 24, 2025). But some authorities have suggested the denial of a motion to amend as futile could be dispositive. *See H.R. by & through Robinson v. Double J. Logistics, LLC*, No. 3:16-CV-55-TSL-RHW, 2017 WL 4158853, at *4 (S.D. Miss. Sept. 19, 2017). Thus, out of an abundance of caution, the undersigned addresses the motion to amend by report and recommendation.

[2] By Order [6] entered on April 16, 2025, the United States District Court for the Northern District of Mississippi transferred this case to this Court.

II.      Analysis

    A.      Motion to Amend to add MDOC as a defendant

Rule 15(a)(1) provides that "[a] party may amend its pleading once . . . ." A court "should be 'freely given when justice so requires.'" *Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2023 WL 9687055, at *1 (N.D. Tex. Sept. 1, 2023) (citations omitted). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). The decision to grant or deny a motion to amend "is within the sound discretion of the district court." *Singleton v. Harris Cnty., Tex.*, 752 F. Supp. 3d 672, 677 (S.D. Tex. 2024) (citations omitted).

The denial of leave to amend is allowed when there is a "substantial reason to do so." *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted). Whether a "substantial reason" to deny leave to amend exists, the Court is required to "consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite prior opportunity to amend; (4) undue prejudice to the non-moving party; and (5) the futility of any amendment." *Layton*, 2023 WL 9687055, at *2 (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

In his Motion, Plaintiff explains that "because all the Defendants work for M.D.O.C., M.D.O.C. is liable for there [sic] actions." Pl.'s Mot. [13] at 1. Plaintiff therefore wants to add MDOC "if I can." *Id*.

2

Neither the State of Mississippi nor its agencies are "amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." *Scott v. Miss. Dep't of Corrs.*, No. 2:05-CV-2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). MDOC was established under statutory authority as an arm of the state and thus is not considered a "person" under § 1983. *See* Miss. Code Ann. § 47-5-1. Because Plaintiff cannot maintain this civil action against MDOC, his amendment is futile. *See Drake v. MS Dep't of Corr.*, No. 4:24-cv-41-DAS, 2024 WL 2852211, at *2 (N.D. Miss. June 5, 2024) (dismissing MDOC because it is not a proper defendant under § 1983).

Additionally, to the extent Plaintiff may be asserting a claim based on respondeat superior, that claim also fails. A governmental entity cannot be held vicariously liable under a theory of respondeat superior in § 1983 civil action. *See Grabowski v. Jackson Cnty. Pub. Defs. Off.*, 79 F.3d 478, 479 (5th Cir. 1996) ("The familiar doctrine of respondeat superior has no application in a section 1983 action against a governmental unit based on the wrongful acts of its employees." (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978))).

Because Plaintiff cannot maintain a § 1983 case against MDOC, his Motion to Amend [13] to add MDOC as a defendant is futile and the undersigned recommends that this aspect of the Motion [13] be denied.

B.   Jury trial demand

Because the Court is screening Plaintiff's § 1983 civil action as required by 28 U.S.C. §§ 1915(e)(2) and 1915A and the Defendants have not been served with process and there has been no answer or other "last pleading" filed under Federal Rule of Civil Procedure 38(b)(1), Plaintiff's jury trial demand is timely. Plaintiff's jury trial request will be granted.

III.   CONCLUSION

For the foregoing reasons, the undersigned

(1) orders that Plaintiff's Motion to Amend [13] requesting a jury trial be granted; and

(2) recommends that Plaintiff's Motion to Amend [13] to add MDOC as a defendant be denied.

IV.   NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[3] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 20th day of August, 2025.

        *s/ Andrew S. Harris*
        UNITED STATES MAGISTRATE JUDGE

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).