UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL L. JARVIS                                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:25-CV-269-DPJ-ASH

WARDEN HOGAN OR HOLDER, et al.                                            DEFENDANTS

ORDER

This matter is before the Court on Magistrate Judge Andrew S. Harris's Report and Recommendation (R&R) [15], addressing pro se Plaintiff Virgil L. Jarvis's motion to amend the Complaint [13].

***Report and Recommendation.*** Judge Harris recommends (1) denying Jarvis's request to add the Mississippi Department of Corrections (MDOC) as a defendant and (2) granting his request for a jury trial. Jarvis responded to the R&R by filing a "Motion To Object and Correct Motion To Amend [13] to Add Proper Defendants." Obj. [16] at 1. The docketing clerk docketed the submission as an "objection," but in it, Jarvis concedes that MDOC would not be a proper defendant under 42 U.S.C. § 1983. *Id.* That's true. As an arm of the state, MDOC is entitled to sovereign immunity. *Ladner v. Leamon*, No. 2:12CV131-KS-MTP, 2012 WL 4507904, at *1 (S.D. Miss. Sept. 28, 2012) (dismissing § 1983 claim against MDOC). "Because Plaintiff cannot maintain this civil action against MDOC, his amendment is futile." R&R [15] at 3. The Court adopts the unopposed R&R, denies leave to add MDOC as a defendant, and grants the request for a jury trial.

***Leave to Amend.*** Rather than filing an objection, it is more likely Jarvis intended to file a new motion seeking leave to amend. Recognizing the error in his original motion to amend, Jarvis pivots in his response to the R&R, asking to amend his Complaint to "add proper

Defendants." Obj. [16] at 1.  Specifically, he "request[s] to amend to add Defendants Commissioner Burl Cain and Superintendent Brand Huffman based on respondeat superior, do [sic] to the fact they approved or implemented the policy of the M.D.O.C. Administrative Remedy Program." *Id.* at 2.

Even if the Court construed the filing as a motion to amend, that request violates Local Uniform Civil Rule 15, under which "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L.U. Civ. R. 15.  Thus, Jarvis must file a new motion and attach a proposed amended complaint as an exhibit to that motion.

If he does file a new motion seeking leave to amend, the Court notes that the limited facts stated in his present motion [16] would fail to state a § 1983 claim because there is no respondeat superior liability under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  Jarvis must state specific facts demonstrating how these officers violated his constitutional rights.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Conclusory" means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary (11th ed. 2019), *quoted in Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

The request to add new defendants [16] is denied.  Plaintiff is instructed to follow this Court's procedural rules if he again seeks leave to amend the Complaint.

IT IS ORDERED that the Report and Recommendation [15] of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of this Court.  Plaintiff's motion to amend [13] is granted as to his request for a jury trial and denied as to his request to add MDOC.  To the extent his Objection [16] could be construed as a motion to amend, it is likewise denied.

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2025.

                                                    s/ *Daniel P. Jordan III*
                                                    UNITED STATES DISTRICT JUDGE