UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL L. JARVIS                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:25-CV-269-DPJ-ASH

WARDEN HOGAN OR HOLDEN, et al.                                       DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on pro se Plaintiff Virgil L. Jarvis's Motion [18] entitled "Motion for Leave to Submit Amended Motion to Add Defendants." In his Motion [18], Plaintiff seeks to add Burl Cain, Commissioner of the Mississippi Department of Corrections (MDOC), and Brand Huffman, Superintendent at South Mississippi Correctional Institution (SMCI). Mot. [18] at 1. Having considered this matter, the undersigned recommends that Plaintiff's motion to add Burl Cain and Brand Huffman as defendants be denied.

I.       Background

Plaintiff filed this conditions-of-confinement complaint under 42 U.S.C. § 1983. Compl. [1] at 3. He names Warden Hogan or Holder, Lee, Stewart, Noah Payton, and Doctor Unknown as defendants. *Id*. at 1–3. Plaintiff is proceeding in forma pauperis, *see* Order [5], and his Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA").

II.      Analysis

Rule 15(a)(1) provides that "[a] party may amend its pleading once . . . ." A court "should be 'freely given when justice so requires.'" *Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2023 WL 9687055, at *1 (N.D. Tex. Sept. 1, 2023) (citations omitted). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

1

The decision to grant or deny a motion to amend "is within the sound discretion of the district court." *Singleton v. Harris Cnty., Tex.*, 752 F. Supp. 3d 672, 677 (S.D. Tex. 2024) (citations omitted).

The denial of leave to amend is allowed when there is a "substantial reason to do so." *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted). Whether a "substantial reason" to deny leave to amend exists, the Court is required to "consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite prior opportunity to amend; (4) undue prejudice to the non-moving party; and (5) the futility of any amendment." *Layton*, 2023 WL 9687055, at *2 (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

In his Motion, Plaintiff claims that his Eighth and Fourteenth Amendment rights have been violated by Burl Cain and Brand Huffman. Mot. [18] at 1. His allegations are based on Cain and Huffman having implemented or approved "[t]he A.R.P. policy of not allowing M.D.O.C. inmates the ability to be adequ[a]t[e]ly heard when mak[]ing a complaint regarding being verbally abused, physic[al]ly a[]ssa[u]lted, and mentally scared by the action of 1 or more M.D.O.C. employes is cruel, inhuma[]n[e], and unusual punishment." *Id*. at 1–2. Plaintiff also alleges that the policy "violates one[']s 14th Amendment Right of Due Process because the A.R.P. policy to not record, file, or process any inmate complaint requesting that an officer be discipline, moved, or terminated for physical assaulting them violates the very core of due process . . . ." *Id*. at 2.

On August 20, 2025, the Court entered an Order [17] that denied Plaintiff's Motion to Amend to add Defendants Commissioner Burl Cain and Superintendent Brand Huffman but, provided that if Plaintiff "filed a new motion seeking leave to amend" he "must file a new motion and attach a proposed amended complaint as an exhibit to that motion." Order [17] at 2. Additionally, that Order [17] pointed out that Plaintiff must "state specific facts demonstrating

how these officers violated his constitutional rights." *Id*. And that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory states, do not suffice." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009)) (citation omitted).

In his Motion [18], Plaintiff failed to attach a proposed amended complaint to his Motion [18] as required by the Court's Order [17]. This failure to comply with the Court's order is sufficient standing alone to warrant denial of his motion to amend. Further, his allegations against Cain and Huffman are conclusory and at most, assert that the A.R.P. grievance program may not be resolved to Plaintiff's liking—by rejecting an A.R.P. grievance "requesting staff members be disciplined, requesting they be terminated, or requesting they be moved to another area," *see* Attach. [1-1] at 1. Mot. [18] at 3. As the Court stated in its Order [17], the allegations must be specific facts showing that the prison officials violated Plaintiff's constitutional rights and that the allegations must be more than conclusory. *Id*. Even if the allegations were enough, Plaintiff's Motion [18] still fails "[b]ecause a prisoner does not have a constitutional right to have his grievances resolved to his liking." *Simon v. LeBlanc*, 694 F. App'x 260, 261 (5th Cir. 2017) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). Thus, Plaintiff's "argument that the [defendants] are liable to him because they denied his grievances likewise fails." *Id.* And because "a prisoner must now exhaust administrative remedies even where the relief sought . . . cannot be granted by the administrative process," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), Plaintiff's contention about shortcomings in the ARP process is insufficient to state a cognizable claim here. The undersigned therefore recommends that Plaintiff's Motion [18] be denied as futile.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amend [18] adding Burl Cain and Brand Huffman as defendants be denied.

IV.    Notice of Right to Object

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[1] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. The District Judge at the time may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 11th day of June, 2026.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).