UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL L. JARVIS                                                              PLAINTIFF

V.                                                CIVIL ACTION NO. 3:25-CV-269-DPJ-ASH

WARDEN HOGAN OR HOLDEN, ET AL.                                       DEFENDANTS

ORDER

This pro se prisoner, civil-rights case is before the Court on Plaintiff Virgil Jarvis's

Motion to Amend [18].  Jarvis hopes to add as defendants Burl Cain, the Commissioner of the

Mississippi Department of Corrections, and Brand Huffman, the Superintendent of the facility

where Jarvis is serving his sentence.  This is his second such motion, and United States

Magistrate Judge Andrew S. Harris has filed a Report and Recommendation (R&R), finding that

the Court should deny Jarvis's request.  *See* R&R [22].  Though Jarvis objects [23] to the R&R,

the Court finds that it should be adopted.

Judge Harris's R&R is legally and factually correct, so the Court will not re-examine

each point.  It will, however, look at three of Jarvis's main issues with it.  To begin, Jarvis says

Judge Harris lacked jurisdiction to enter the R&R because it violates the Mississippi Rules of

Civil Procedure and his Fifth and Fourteenth Amendment rights.  *See* Obj. [23] at 7.  Not so.

First, the Mississippi Rules of Civil Procedure do not apply in federal court.  Second,

Jarvis cites no authority suggesting that a magistrate judge is prohibited from entering an R&R.

To the contrary, 28 U.S.C. § 636(b)(1)(B) expressly grants magistrate judges authority to enter

reports on issues assigned to them by district judges.  Jarvis's motion was assigned to the

magistrate judge.  *See* L.U. Civ. R. 72(d).  And the Supreme Court has repeatedly held that such

assignments are constitutional. *See, e.g.*, *United States v. Raddatz*, 447 U.S. 667 (1980) (noting that § 636(b)(1)(B) does not violate Article III).

Turning to the substance of Judge Harris's findings, Jarvis has not adequately addressed his failure to attach a proposed amended complaint to his motion. *See* R&R [22] at 3. Uniform Local Rule 7(b)(2) expressly requires this step, as does Local Rule 15. And though Jarvis is proceeding pro se, this Court warned him in an earlier order that if he again sought leave to amend, he "must file a new motion and attach a proposed amended complaint as an exhibit to that motion." Order [17] at 2. For this reason alone, the Court adopts the R&R and denies leave to amend.

Finally, Judge Harris correctly found that Jarvis's motion failed to include non-conclusory facts suggesting that he can state a claim against Cain or Huffman. In prisoner suits under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). While Jarvis claims the commissioner and superintendent are responsible for implementing and approving a constitutionally deficient Administrative Remedy Program (ARP), there are no facts supporting their individual involvement. At most, Jarvis cites a notice he received from Joseph Coley, Director of the ARP at Jarvis's facility, explaining how to submit an ARP. *See* Mot. [18] at 3 (citing ARP Not. [1-1]). As Jarvis notes, the header for this form notice identifies Cain as the commissioner and Huffman as superintendent. *See* ARP Not. [1-1]. But the notice neither states that they administer the ARP nor establishes their role in the alleged constitutional violation. And the provisions Jarvis highlights raise no apparent constitutional violations for which Cain and Huffman might face individual liability.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [22] of United States Magistrate Judge Anderw S. Harris is adopted as the finding of this Court.  The motion to amend [18] is denied.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE